### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**METRO BAPTIST ASSOCIATION, INC.**                    **PLAINTIFF**

**VS.**                    **CIVIL ACTION NO: 3:25-cv-00401-DPJ-ASH**

**CHURCH MUTUAL INSURANCE COMPANY, S.I.,**
**CHURCH MUTUAL HOLDING COMPANY, INC.,**
**RYAN CREIGHTON PITTS, and JOHN DOES 1-5**        **DEFENDANTS**

### MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S REPLY
### TO DEFENDANTS' RESPONSE IN OPPOSITION
### <u>TO PLAINTIFF'S MOTION TO REMAND</u>

COMES NOW the Plaintiff, Metro Baptist Association, Inc. (hereinafter "Metro"), by and through counsel, and submits this Memorandum Brief in Support of Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand requesting the Court to remand this case to the Circuit County of Hinds County, Mississippi, pursuant to 28 U.S.C.§1447(c). In support, Plaintiff submits the following:

### <u>INTRODUCTION</u>

This case arises from plaintiff's claims against both diverse and non-diverse defendants, including Ryan Creighton Pitts (hereinafter "Pitts"), a Mississippi resident.  After removal to this Court, plaintiff moved to remand on the grounds that complete diversity is lacking due to the presence of a properly joined, non-diverse defendant. Defendants oppose remand, contending that the non-diverse defendant, Pitts, was fraudulently joined and that plaintiff cannot possibly prevail on its claims.  As the removing parties, the burden is on the Church Mutual defendants to demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish

a cause of action against the non-diverse party in state court. Defendants have failed to demonstrate either and have failed to meet their heavy burden to establish fraudulent joinder.

The record contains no evidence that would evidence fraud in the pleading of jurisdictional facts, or which would foreclose plaintiff's claims against the non-diverse defendant, Pitts, as a matter of law. To the contrary, plaintiff's well-pleaded allegations provide a reasonable basis for recovery under applicable Mississippi law. The parties' disagreement centers on the legal sufficiency of plaintiff's claims against the non-diverse defendant and the application of Mississippi law to those facts - issues that are properly resolved as a matter of law. The mere existence of factual disputes or the possibility that plaintiff may not ultimately prevail does not render joinder fraudulent. At this stage, all factual and legal ambiguities must be resolved in plaintiff's favor.

## FACTUAL BACKGROUND

Defendant, Ryan Creighton Pitts (hereinafter "Pitts"), is an adult resident citizen of Madison, Mississippi. At all relevant times, defendant Pitts was a Mississippi licensed insurance agent and insurance advisor to Metro, and an account manager for Church Mutual in the state of Mississippi, and was acting as dual agent for the insured, Metro, and Church Mutual.

The claims herein arise from actions taken by both Pitts, the Mississippi defendant, and Church Mutual, the diverse defendant. The allegations brought against Church Mutual are not at issue in the present motion. The allegations brought against defendant Pitts include multiple intentional actions taken by Pitts during the procurement of the insurance policy and during the investigation of the claims which caused damage to plaintiff.

Church Mutual alleges that it assigned defendant Pitts as plaintiff's account manager; that Pitts did not procure plaintiff's policy; and that Pitts was not responsible for investigating or adjusting plaintiff's open claims "because account managers are not part of Church Mutual's claims department." (Church Mutual Memorandum in Support of Response [Doc. #8], p. 3) Regardless

of Pitts' assigned job title, he was the agent with Church Mutual who Metro Baptist looked to for all matters concerning its insurance coverage: he had sole contact with Metro during the sale and purchase of the insurance policy, he advised Metro on coverage and the claims process, and he inserted himself into the claims process along with the assigned adjusters. See Declaration of Telisa Ital attached to Plaintiff's Reply as Exhibit "A." Pitts advised Metro during the claims process and provided false and misleading information to Church Mutual in regard to Metro's claims, which resulted in damage to Metro. Exh. "A."

Although Church Mutual claims Pitts is not an "agent," Pitts is listed on the Mississippi Department of Insurance website as a licensed agent since October 5, 2011, an appointed agent for Church Mutual since October 5, 2011 and an appointed agent for MGT Insurance Company since July 12, 2018. See Certified Copy of Pitts Agent License attached to Plaintiff's Reply as Exhibit "B."

When Metro acquired the subject property, it contacted Pitts to obtain coverage and requested the same coverage it had on other similar properties. Instead of procuring full coverage, Pitts procured lesser coverage than some of the other properties insured by Metro. The policy was also ambiguous and difficult to understand, as demonstrated by the fact that even Pitts had a different interpretation of available coverages. Although Church Mutual alleges Pitts was not the producing agent, regardless of his title, Pitts is the individual who on behalf of Church Mutual had contact with Metro and who advised Metro as to coverage for the subject property.

After the subject losses, Pitts, negligently, grossly negligently and falsely misrepresented to Church Mutual that one of the Plaintiff's losses did not actually occur and that the June 21, 2024 claim was the only occurrence. Exh. "A, " ¶¶ 11-12. He further advised Metro in regard to actions to take during the claims process and Metro relied on his advice. Due to the intentional misrepresentations of Pitts, the vandalism and theft damage losses that occurred on June 21, 2024 and June 25, 2024, and the vandalism, theft and water damage loss which occurred on October 17-

20, 2024, were not properly investigated or adjusted by Church Mutual and were wrongfully denied with no arguable or legitimate reason.

The misrepresentations made by Pitts concerned material facts and defendant Pitts knew or should have known the information provided to Church Mutual was false. The misrepresentations were made in reckless disregard for the rights of plaintiff and without any knowledge of their truth. The opinions were provided and the statements were made by Pitts with the intention that they should be acted upon by Church Mutual, who in turn acted, in part, in reliance upon the statements, thereby causing plaintiff's claims to be closed with no proper investigation, causing Metro to suffer injury and damages.

The Church Mutual defendants used this information provided by Pitts to fabricate a seemingly arguable or legitimate reason to deny plaintiff's claims and fail to pay proceeds properly due to plaintiff under the policy of insurance. Plaintiff therefore sustained damages as a result of the conduct of both Pitts and Church Mutual.

Pitts acted in both an agent and adjuster role, provided advice about coverage, made representations to the insured, provided advice about the claim and claims handling process, inserted himself into the claims process, caused claims to be closed and not investigated, and made misrepresentations to both the insured and the insurer, all of which caused damage to plaintiff. Mississippi law looks to the function performed, not merely the job title. If an "account manager" is acting in a capacity similar to an agent or an adjuster, then the standards applicable to agents or adjusters apply.

<u>ARGUMENT</u>

The legal standard for fraudulent joinder is precise and places the burden squarely on the removing party. The doctrine of fraudulent joinder is a narrow exception to the rule that a plaintiff is entitled to select its forum and join parties as it deems appropriate. The removing party bears a

heavy burden to demonstrate that the non-diverse defendant was joined solely to defeat federal jurisdiction and that there is no reasonable basis for the court to predict that the plaintiff might be able to recover against that defendant under applicable state law. The standard for fraudulent joinder is not whether the plaintiff WILL prevail against the non-diverse defendant, but whether there is a POSSIBILITY of recovery against the non-diverse defendant under state law.

The Fifth Circuit has repeatedly held that the burden rests squarely on the party seeking removal to prove fraudulent joinder. To satisfy this burden, the defendant must establish that there is no possibility of recovery by the plaintiff against the in-state defendant. See *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc), holding:

> The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been "properly joined." Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case.

> Given this focus, we have recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Only the second way is before us today, and we explained in *Travis v. Irby* that the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear [**9] to describe the same standard or not.

*Id.* at 573. See, also, *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

The courts have consistently held that, in the context of a motion to remand based on a claim of fraudulent joinder, the court must resolve all contested factual issues and ambiguities in the controlling state law in favor of the plaintiff. This principle is well-established, as articulated in *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (Court "must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of

substantive fact in favor of the plaintiff.") Similarly, the Court must resolve all ambiguities in controlling state law in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

If there is even a possibility that a state court would find that the complaint states a cause of action against a non-diverse defendant, the federal court must remand the case. The Fifth Circuit has reaffirmed that the test is not whether the plaintiff will ultimately prevail on the merits, but whether there is a reasonable basis to predict recovery.  If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).  The court should not weigh the merits of the plaintiff's claims or determine whether the plaintiff is likely to prevail; rather, the inquiry is limited to whether there is a reasonable possibility of recovery.

> To establish that a non-diverse defendant has been fraudulently joined to defeat diversity, the removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. Stated differently, the court must determine whether there is any reasonable basis for predicting that the plaintiff might be able to establish the non-diverse defendant's liability on the pleaded claims in state court.

*Travis v. Irby*, 326 F.3d 644, 645 (5th Cir. 2003).

Unless the defendant can show that there is no reasonable basis for the court to predict that the plaintiff might recover against the non-diverse defendant, joinder is not fraudulent and remand is required.  "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

Defendants' assertion of fraudulent joinder is not supported by the record. The evidence before the Court demonstrates that plaintiff has a reasonable basis for its claims against the non-diverse defendant, and defendants have not met their heavy burden to show otherwise.  "[T]he

burden of proving that a plaintiff fraudulently joined non-diverse defendants is heavy," and requires a removing defendant to prove fraudulent joinder by clear and convincing evidence. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

The allegations outlined in plaintiff's Complaint are supported by specific factual assertions regarding Pitts' communications with Plaintiff, his involvement in the claims process, representations about coverage and his intentional actions. Exh. "A." Under Mississippi law, such claims are recognized and may proceed where the facts, if proven, establish a breach of duty or actionable misrepresentation. The mere fact that defendants dispute these allegations or offer alternative explanations does not render the claims legally insufficient at this stage.

Unresolved factual questions exist regarding the scope of Pitts' role, the nature of his communications with plaintiff, his involvement in the claims process, the impact of his actions on plaintiff's coverage and claim outcomes, and whether his actions were grossly negligent. These factual disputes cannot be resolved in defendants' favor on a motion to remand. The Court's inquiry is not whether defendants' version of the facts is more persuasive, but whether plaintiff's allegations, if true, could support recovery under state law.

The record does not conclusively establish that Pitts was uninvolved in the procurement or handling of plaintiff's policy and claims. In fact, the opposite is true. Exh. "A," ¶¶ 11-12. Neither does it foreclose the possibility that Plaintiff relied on his representations to its detriment. Plaintiff alleges that these actions were grossly negligent. At a minimum, Plaintiff is entitled to have these factual issues resolved in its favor for purposes of the remand motion.

While defendants urge the Court to pierce the pleadings and conduct a summary inquiry, the Fifth Circuit has made it clear that such an inquiry is inappropriate.

*Smallwood*s directive that "[a] court *may* conduct a Rule 12(b)(6)-type analysis" is not a mere suggestion or option. Taken in context, the *Smallwood* opinion's use of "may" is permissive to only an expressly limited extent:

There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. *A court may resolve the issue in one of two ways*. The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.

Certainly a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both. Because the second one—piercing the veil—is obviously inapplicable here, we *must* use the first.

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 206-07 (5th Cir. 2016).

Furthermore, if the Court is inclined to undertake such inquiry it should be limited to determining whether there is any reasonable basis for recovery, not to resolve disputed facts or weigh the credibility of competing evidence. "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200. See also, *Smallwood*, *Id.* at 573. Without admitting that it is appropriate here, a summary inquiry reveals, at most, factual disputes that must be resolved in plaintiff's favor. The existence of such disputes precludes a finding of fraudulent joinder.

In sum, the record evidence does not support defendants' claim of fraudulent joinder. Plaintiff's allegations, supported by the record, provide a reasonable basis for recovery against the non-diverse defendant, Pitts, and defendants have not met their burden to show otherwise. In fact, Pitts filed an Answer and Defenses [Doc. #1-5] in the state court action prior to removal, and admitted that the Circuit Court of Hinds County, Mississippi, may exercise proper jurisdiction and venue over the claims asserted in the Complaint. (Pitts Answer and Defenses, ¶7) Pitts further did not allege fraudulent or improper joinder.

8

Plaintiff's claims against the non-diverse defendant, Pitts, are not only plausible but are recognized as viable causes of action under Mississippi law. The allegations, if proven, could establish liability for negligent procurement, misrepresentation, negligence, gross negligence or reckless disregard for the plaintiff's rights - each of which is actionable against insurance agents or employees in appropriate circumstances.  The mere existence of policy language or defendants' contrary statements does not foreclose the possibility of recovery at this stage, especially where plaintiff alleges reliance on the non-diverse defendant's statements and actions.

In *Newsome v. Shelter General Ins. Co.*, 792 F. Supp. 1022 (Miss. 1991), the court recognized that it is "impossible for the court to conclude that plaintiffs have 'no possibility' of recovery against the [insurance agents] under state law" where allegations of gross negligence, malice, or reckless disregard are present. The threshold for gross negligence is high, but it is a factual question that cannot be resolved against the plaintiff on a motion to remand where the Complaint alleges facts that, if proven, could meet that standard.

Plaintiff's Complaint asserts that the non-diverse defendant's actions in the claims process - including providing opinions on coverage, influencing the closure of claims, failing to investigate or causing an investigation not to be made, negligently advising the plaintiff, and failing to clarify or advocate for plaintiff's rights - amounted to gross negligence. Whether these actions rise to the requisite level is a question of fact, not law, and must be resolved in plaintiff's favor for purposes of remand.

Defendants' arguments regarding the actions of the non-diverse defendant are, at best, factual disputes. The Fifth Circuit has made clear that such disputes must be resolved in favor of the plaintiff when assessing fraudulent joinder. The Court's role is not to weigh the evidence or determine the ultimate merits, but to decide whether there is a reasonable basis to predict recovery under state law.

Given the allegations and the supporting evidence in the record, plaintiff has more than a theoretical possibility of prevailing on its claims against the non-diverse defendant, Pitts. The existence of factual disputes regarding the defendant's role, communications, and plaintiff's reliance is sufficient to defeat a finding of fraudulent joinder at this stage.

The legal principles articulated in the cited authorities confirm that Metro's claims are viable under Mississippi law. Unless defendants can show that there is no reasonable basis for recovery - which they have not - the case must be remanded for lack of complete diversity.

In sum, plaintiff's allegations, if proven, could establish a valid claim against the non-diverse defendant, Pitts. The record does not foreclose the possibility of recovery, and Mississippi law supports the viability of plaintiff's causes of action. Accordingly, remand is proper.

When a defendant asserts fraudulent joinder, the court may, in its discretion, either conduct a 12(b)(6) analysis or pierce the pleadings and conduct a summary inquiry, but not both. And, if the Court chooses the latter, the Court may only do so to the extent necessary to determine whether there is a reasonable basis for recovery against the non-diverse defendant. The summary inquiry is not an invitation to resolve disputed facts or weigh the credibility of competing evidence; rather, it is limited to identifying whether the plaintiff's claims are viable under state law. See *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 and *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d at 573.

## CONCLUSION

For the foregoing reasons, the record evidence does not support a finding of fraudulent joinder. Plaintiff's claims against the non-diverse defendant, Pitts, are reasonably viable under Mississippi law, and defendants have not met their heavy burden to show otherwise. All factual and legal ambiguities must be resolved in plaintiff's favor at this stage, and the existence of disputed facts or the potential for plaintiff to prevail precludes dismissal of the non-diverse defendant. The Court

is fully empowered to decide the remand motion on the existing record, without the need for an evidentiary hearing, as established by controlling precedent.

Accordingly, Plaintiff respectfully requests that the Court reject the assertion of fraudulent joinder, and grant Plaintiff's motion to remand this action to state court.

WHEREFORE, PREMISES CONSIDERED, plaintiff, Metro, respectfully moves this Court to enter an Order remanding this case to the Circuit Court of Hinds County, Mississippi, and assessing payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal, and for such other relief the Court deems appropriate.

This, the 9th day of July, 2025.

**METRO BAPTIST ASSOCIATION, INC.**,
PLAINTIFF


BY : /s/ *Michael D. Greer*
       DAVID W. BARIA, MSB# 8646
       MICHAEL D. GREER, MSB #5002

OF COUNSEL:

COSMICH, SIMMONS & BROWN, PLLC
544 Main Street
Bay St. Louis, MS 39520
Email: david.baria@cs-law.com

GREER, RUSSELL, DENT & MOORE, PLLC
POST OFFICE BOX 907
TUPELO, MS  38802-0907
T:  (662) 842-5345
F:  (662) 842-6870
Email:  mgreer@greerlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I, Michael D. Greer, one of the attorneys for the Plaintiff, have this day filed the above and foregoing Reply with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel who have electronically registered with the Court.

This, the 9th day of July, 2025.

/s/ Michael D. Greer
MICHAEL D. GREER